UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>                Plaintiff,<br><br>        -v.-<br><br>JUAN PEREZ, *individually and d/b/a 40/40 Club*, KRYSTIAN SANTINI, *individually and d/b/a 40/40 Club*, and TWENTY ONES INCORPORATED, *an unknown business entity d/b/a 40/40 Club*,<br><br>                Defendants. | 21 Civ. 6210 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

At the telephonic pretrial conference held on today's date, the Court reserved decision on (i) whether to extend the deadline for the completion of fact discovery; (ii) Plaintiff's request to file a reply brief in further support of its motion to quash Defendants' subpoena; and (iii) the merits of Plaintiff's motion to quash. The Court now proceeds to address each of these issues.

## DISCUSSION

*First*, the Court will extend the parties' time to complete fact discovery to **May 30, 2022**. The parties indicated at today's conference that neither side intends to engage in expert discovery. In the interest of allowing this case to be resolved on its merits, and given that the parties' Case Management Plan sets aside time for expert discovery that is no longer needed for that purpose (*see* Dkt. #30 at 2), the Court finds that extending the fact discovery deadline through the end of the original expert discovery deadline is appropriate. The Court will not grant any further extensions of the discovery deadlines under

any circumstances. Further, the Court warns Plaintiff's counsel that future failures to comply with the Court's orders will not be tolerated.

*Second*, the Court denies Plaintiff's request to file a reply brief in support of its motion to quash. As reflected in the Court's April 14, 2022 endorsement, Local Civil Rule 6.1 provides the relevant deadlines that apply upon the filing of a motion to quash. (Dkt. #33). Local Civil Rule 6.1 provides, in pertinent part, that "any reply affidavits and reply memoranda of law shall be served within two days after service of the answering papers." Local Civil Rule 6.1(a). As such, Plaintiff's reply, if any, was due on April 18, 2022. Further, when given the opportunity at today's conference to address Defendants' argument that Plaintiff has not established standing to bring its motion to quash (*see* Dkt. #34), Plaintiff chose instead to address ancillary issues that do not bear on Defendants' argument. The Court therefore finds that Plaintiff has not established cause to excuse its failure to file a timely reply.

*Third*, the Court denies Plaintiff's motion to quash Defendants' subpoena directed to non-party DAZN US, LLC ("DAZN") under Federal Rule of Civil Procedure 45(d)(3). (Dkt. #31-1 ("Pl. Br."); *see also* Dkt. #31-3 (copy of Defendants' subpoena)). Plaintiff's motion is directed to requests 10 through 15 of Defendants' subpoena. (Pl. Br. 2). Generally speaking, these requests seek communications and agreements between Plaintiff and DAZN concerning (i) a November 2, 2019 televised boxing match and (ii) the instant litigation. (*Id.*). Plaintiff contends that, given their breadth, these requests "necessarily implicate privilege, privacy, and proprietary concerns of Plaintiff." (*Id.* at 3).

Rule 45 provides that a court must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosures of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). "As a general matter, only recipients of a subpoena have standing to seek a protective order quashing or modifying the subpoena." *City of Almaty, Kazakhstan* v. *Ablyazov*, No. 15 Civ. 05345 (AJN) (KHP), 2020 WL 1130670, at *1 (S.D.N.Y. Mar. 9, 2020). "A non-recipient has standing to challenge a subpoena "only if it has a privilege, privacy or proprietary interest in the documents sought." *Id.* (quoting *Universitas Educ., LLC* v. *Nova Grp., Inc.*, No. 11 Civ. 1590 (LTS) (HBP), 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013)). "In order for a party to have standing to challenge a subpoena served on a non-party, there must be more than a conclusory assertion that the subpoenas seek documents that are private, confidential, and commercially sensitive." *Refco Grp. Ltd., LLC* v. *Cantor Fitzgerald, L.P.*, No. 13 Civ. 1654 (RA) (HBP), 2014 WL 5420225, at *4 (S.D.N.Y. Oct. 24, 2014) (internal quotation mark omitted).

Here, Plaintiff has failed to demonstrate that Defendants' subpoena will require the disclosure of privileged or other protected matter. Plaintiff argues that "there can be no question that the documents sought" by the subpoena implicate Plaintiff's privileged and private materials because "the requests that Plaintiff challenges identify G & G by name." (Pl. Br. 4). But the relevant

3

question is not whether Defendants' subpoena seek information related to Plaintiff. It is instead whether that information is privileged or otherwise protected. The remainder of Plaintiff's memorandum fails to address this question. Plaintiff asserts elsewhere that "given the overbreadth of the requests ... there is a reasonable presumption that certain documents and communications would be protected by the work-product privilege." (*Id.* at 3). To be sure, Defendants' subpoena *may* call for the production of privileged or protected information. But the fatal flaw in Plaintiff's motion is that Plaintiff has failed to provide a basis for the Court to find that the subpoena *does* in fact call for such information. Indeed, Plaintiff has not submitted a declaration or any other evidence identifying any information in DAZN's possession that is shielded by a privileged or other evidentiary protection. Accordingly, the Court denies Plaintiff's motion. *See Kennedy* v. *Basil*, No. 18 Civ. 2501 (ALC) (KNF), 2018 WL 4538898, at *5 (S.D.N.Y. Sept. 20, 2018) ("The mere assertions in the memorandum of law are not sufficient to satisfy the movants' burden on a motion to quash the subpoena."); *Samad Bros.* v. *Bokara Rug Co. Inc.*, No. 09 Civ. 5843 (JFK) (KNF), 2010 WL 5094344, at *3 (S.D.N.Y. Nov. 30, 2010) ("The plaintiff's mere assertion that '[d]ocuments responsive to virtually all the requests would include communications with Samad's counsel created in preparation for and during this lawsuit, which are protected by the attorney work product doctrine,' is not sufficient to sustain the movant's burden on the motion to quash a non-party witness subpoena, based on the movant's personal right or privilege."); *Sali* v. *Zwanger*, No. 19 Civ. 275 (FB) (CLP), 2022

WL 1085508, at *18 (E.D.N.Y. Jan. 10, 2022) (finding that "defendant's conclusory assertion of a privacy interest, without any further detail as to the nature of the privilege being asserted, is insufficient to establish that it has standing to quash a subpoena filed against a third party"), *report and recommendation adopted sub nom. Sali* v. *Zwanger & Pesiri Radiology Grp., LLP*, No. 19 Civ. 275 (FB) (CLP), 2022 WL 819178 (E.D.N.Y. Mar. 18, 2022).[1]

## CONCLUSION

For reasons stated above, Plaintiff's motion to quash is DENIED. The Clerk of Court is directed to terminate the motion at docket entry 31.

The parties are hereby ORDERED to file a joint letter confirming that discovery has concluded and stating whether or not they intend to file motions for summary judgment on or before **June 14, 2022**.

SO ORDERED.

Dated:  April 20, 2022
         New York, New York

KATHERINE POLK FAILLA
United States District Judge

---

[1] While the Court denies Plaintiff's motion to quash, this resolution does not foreclose DAZN from challenging Defendants' subpoena, if and as appropriate.